FILED'08 FEB 26 15:17 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL GOFF,

               Civil No. 07-3093-CL

      Plaintiff,

   v.              REPORT AND RECOMMENDATION

CHARLES F. CONNER,
Secretary, Department of Agriculture,

      Defendant.

CLARKE, Magistrate Judge:

     Plaintiff brings this action in federal court against Charles F. Conner, acting Secretary for

the Department of Agriculture. (Complaint). Defendant moves to dismiss the complaint for failure

to state a claim (#12).

Report and Recommendation - 1

## FACTS

The following facts are taken from plaintiff's complaint:

The Federal Government has no power to conduct warrantless searches. (Complaint at 1). The term includes obtaining data which is used or can be easily used, to compromise a recipient of "food stamps" regarding privacy of daily activities, using the "EBT" food stamp card used in The State of Oregon.  (Id).

The program the State of Oregon uses to distribute funds used for "food stamps", the "EBT" electronic benefits card, is incorrectly applied so as to seriously compromise integrity of records, and allow perusal of daily activities, neither of which is allowed under federal Constitutional guarantees, nor any current laws. (Id. at 1-2).  The "food" only restriction, constructs a 24 hour a day electronic record of whereabouts and, in most cases, food items purchased, both of which are privileged and personal information ceded to U.S. citizens without abridgment by the government. (Id. at 2).

In case at hand, the State of Oregon used this information in determining arbitrarily, that Plaintiff did not "reside" in the county in which Plaintiff previously resided.  (Id.).  In doing so, the Constitution and Civil Rights of the Plaintiff are seriously abridged/violated. (Id. at 2-3).  Plaintiff requests an injunction requiring that the EBT card be used solely to distribute funds . . . (Id. at 3).

## LEGAL STANDARDS

A complaint filed *in forma pauperis* may be dismissed if it is deemed frivolous under 28 U.S.C. § 1915(e) (1998). See Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)]; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939

F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

Federal courts require notice pleading. A complaint may be dismissed because of the lack

of a cognizable legal theory or because insufficient facts are alleged under a cognizable legal theory.

Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1995, 1965 (2007); Balistreri v. Pacifica

Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The court accepts plaintiff's material allegations

in the complaint as true and construes them in the light most favorable to plaintiff. Gorham v.

Banovetz, 652 F.2d 750 (8th Cir. 1981). A pleading must contain a short and plain statement of

the claim showing the party is entitled to relief. Jones v. Community Redevelopment Agency, 733

F.2d 646, 649 (9th Cir. 1984). It must give fair notice and state the elements of the claim plainly

and succinctly. Id.

## DISCUSSION

Plaintiff has not alleged any cause of action against the federal defendant and does not

request any relief that can be performed by the federal Defendant. It is clear that plaintiff's factual

allegations involve actions taken by the State of Oregon and not the federal Defendant. Under

either standard, plaintiff's claim is frivolous and fails to state a claim.

In the alternative, plaintiff's claims are barred by sovereign immunity. As a sovereign, the

United States is immune from suit except as it consents to be sued. Canton v. United States, 495

F.2d 635, 637 (9th Cir. 1974). The terms of its consent to be sued in any court define the courts

jurisdiction to entertain the suit. Id.

With respect to the Food Stamp Program, 7 U.S.C. § 2011 et seq., Congress explicitly

waived sovereign immunity with regard to only certain provisions of the program, such as affording

applicants the opportunity to challenge denials of participation in the program. 7 U.S.C. §

2023(a)(13).  There is no express waiver of sovereign immunity with regard to the Secretary's review of a state agency's administration of the program.  7 U.S.C. § 2020.

Plaintiff may not rely upon the Administrative Procedures Act, 5 U.S.C. § 702, to provide jurisdiction over his case.  Plaintiff fails to plead that the Secretary has taken any final agency action.  5 U.S.C. § 704.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss (#12) be granted and this case dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

*Objections to this Report and Recommendation, if any, are due on March 11, 2008.  If objections are filed, any responses to the objections are due 14 days after the objections are filed*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____ day of February, 2008.

_____

UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - 4