FILED '08 JUN 20 09:30USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL GOFF, | ) | Civil No. 07-3093-CL |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| SEC. MIKE JOHANNA, Department of Agriculture, | ) ) ) | |
| Defendant. | ) ) | |

**PANNER, Judge.**

    Plaintiff Michael Goff brings this action against "Sec. Mike Johanna, Department of Agriculture." The court infers that Plaintiff intended to name, as defendant, former Secretary of Agriculture Michael O. Johanns.[1] On February 27, 2008, Magistrate Judge Clarke filed his Report and Recommendation ("R&R"), which recommended that this action be dismissed on

---

[1] In documents filed by the United States Attorney, the caption was revised to show the defendant as "Charles F. Conner, Secretary, Department of Agriculture." Plaintiff objects to the changed caption. Substituting a new Secretary may be appropriate when the Complaint seeks relief from a defendant in his official capacity, but not when relief is sought from the defendant in his individual capacity. Plaintiff has now clarified that he seeks damages from Johanns, but not prospective injunctive relief. Accordingly, it is an attempt to plead an individual capacity claim, and Johanns should remain the defendant in the caption.

1 - ORDER

various grounds. Plaintiff timely objected. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Plaintiff's response to the R&R withdraws his request for injunctive relief, and replaces it with a demand for damages. Given this change in the relief sought, it is not necessary to decide whether state or federal officials would be the proper defendant on a claim seeking injunctive relief. Nor is it necessary to decide whether sovereign immunity bars an action against a federal official to obtain prospective injunctive relief to remedy constitutional violations. Cf. Garcia v. United States, 538 F. Supp. 814, 816-17 (S.D. Tex. 1982).

Sovereign immunity does bar claims against the United States for damages, unless immunity has been waived. Id. at 815-16. In limited circumstances, a federal official may be liable in his individual capacity for violating a person's constitutional rights. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

I do not decide if this is such an occasion, because Plaintiff's Complaint suffers from multiple fatal flaws. One is sufficient. The Complaint does not identify anything defendant Johanns personally did, or failed to do, which allegedly violated Plaintiff's constitutional rights. Johanns cannot be liable in damages simply because he was Secretary of Agriculture when Plaintiff's rights allegedly were violated. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (respondeat superior doctrine is not applicable in Bivens actions).

After considering the allegations of the Complaint and the other materials that Plaintiff has filed, it seems clear that granting leave to amend would be futile. Accordingly, this action will be dismissed with prejudice. <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

<u>Conclusion</u>

Magistrate Judge Clarke's Report and Recommendation (docket # 16) are adopted as modified herein. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this _20_ day of June, 2008.

_____
Owen M. Panner
United States District Judge

3 - ORDER